IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

-----------------------------------------------------------X
TRAVEL CENTERS OF AMERICA, INC.,   CIVIL ACTION NO.: 03CV3658

(RBK) (AMD)

Plaintiff,

-v-

WALTER KIDDE & COMPANY, INC.,
(A DIVISION OF KIDDE, INC.),
KISTLER O'BRIEN FIRE PROTECTION, INC.,
and RAGAN'S STEAM SPECIALTIES,

Defendants.
-----------------------------------------------------------X

## AMENDED COMPLAINT AND JURY DEMAND

Plaintiff, TRAVEL CENTERS OF AMERICA, INC., ("Travel Centers") by way of an Amended Complaint against the Defendants WALTER KIDDE & COMPANY, INC., A DIVISION OF KIDDE, INC. ("Kidde"), KISTLER O'BRIEN FIRE PROTECTION, INC. ("Kistler") and RAGAN'S STEAM SPECIALTIES ("Ragan's"), alleges the following:

### JURISDICTION

1.  At all times hereinafter mentioned, Plaintiff was and is a corporation with its principal place of business located at Exit 18A, I-295 in the Borough of Paulsboro, County of Gloucester, State of New Jersey.

2.  Upon information and belief, at all times hereinafter mentioned, Defendant Kidde was and is a foreign corporation authorized to do business in the State of New Jersey with its principal place of business located at 1394 Third Street Ext, Mebane, North Carolina 27302.

155965.1

3. Upon information and belief, at all times hereinafter mentioned, Defendant Kistler was and is a foreign corporation authorized to do business in the State of New Jersey with its principal place of business located at 2210 Cityline Road, Bethlehem, Pennsylvania.

4. Upon information and belief, at all times hereinafter mentioned, Defendant Ragan's was and is a foreign corporation authorized to do business in the State of New Jersey with its principal place of business located at 1240 West Gold Jem Drive, Oro Valley, Arizona.

5. At all times hereinafter mentioned, Defendants derived substantial revenue from providing goods and/or services in the State of New Jersey.

6. At all times hereinafter mentioned Defendants had sufficient contacts with the State of New Jersey such that their appearance in this action does not offend traditional notions of fair play and substantial justice.

7. Jurisdiction is proper herein pursuant to 28 U.S.C. § 1332(a) as there is complete diversity of citizenship between Plaintiff and Defendants.

## VENUE

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a) as this district is the place of occurrence.

## FACTS

9. Plaintiff owned and operated a travel service and food facility located at Exit 18A, I-295 in the Borough of Paulsboro, County of Gloucester, State of New Jersey (the "Premises").

10. The kitchen area at Plaintiff's Premises contained a deep fat fryer, gas char broiler and electric flat grill (collectively, Plaintiff's "kitchen equipment").

11. Plaintiff's kitchen equipment was protected by a dry chemical fire suppression system (the "system").

2

155965.1

12. Upon information and belief, Defendant Kidde, its agents, employees and representatives, designed, manufactured, distributed, sold and installed the system which was pre-existing in the Plaintiff's Premises at the time Plaintiff took possession of the Premises.

13. Defendant Kistler had a service agreement with Plaintiff, for valuable consideration, for the maintenance, service and repair of the system including its various component parts.

14. On or about July 5, 2001, the system failed to suppress or otherwise contain and control a small fire in the premises which resulted in substantial property damage and business interruption loss to plaintiff.

15. The system was not fit and sufficient for the purposes for which it was intended and was not, among other things, of proper, adequate and sufficient material, design and workmanship, or free from material defects.

16. The damages sustained by the Plaintiff, its agents, employees and representatives, as a result of the defect in the system, could not have been averted by Plaintiff through the exercise of reasonable and prudent care.

17. Defendant Ragan's had a service agreement with Plaintiff, for valuable consideration, for the cleaning, maintenance, service and repair of the hood and ventilation system including its various component parts.

18. Ragan's failure to properly clean the hood and ventilation system in the Premises, caused the fire and contributed to its spread.

19. Defendant's had post sale duties to notify plaintiff upon learning that the system in Plaintiff's Premises was insufficient to put out grease fires.

## FIRST COUNT
### (Negligence - Kidde)

20. Plaintiff Travel Centers repeats and reiterates each and every allegation contained in paragraphs "1" through "19" of this complaint as if set forth herein in full.

21. Defendant Kidde had a sale and post sale duty to properly design, manufacture, distribute, sell and install a system free of material defects so that it would be fit and sufficient for the purposes for which it was intended.

22. Defendant Kidde breached its duty including but not limited to failing to properly design, manufacture, distribute, sell and install the system in accordance with industry customs and standards in failing to properly position and include an adequate number of nozzles throughout the system.

23. Upon information and belief, had the system contained an adequate number of properly placed nozzles, the fire would have been adequately contained, controlled and suppressed.

24. Furthermore, upon information and belief, defendant Kidde breached its duty by failing to properly design, manufacture, distribute, sell and install the system in accordance with industry customs and standards in failing to properly set the temperature rating of the system's fusible link.

25. Upon information and belief, had the system's fusible link been set at an appropriate temperature rating the fire would have been adequately contained, controlled and suppressed.

26. Defendant Kidde's sale and post sale negligence in the design, manufacture, distribution, sale and installation of the fire suppression system was the proximate cause of the

damages sustained by the Plaintiff, which exceed the jurisdictional minimum amount and which shall be determined at trial.

WHEREFORE, Plaintiff demands judgment jointly and severally against the Defendants on the First Count in an amount to be determined at trial, plus interest, costs, disbursements and reasonable attorneys' fees associated with the bringing of this action.

## SECOND COUNT
### (Breach of Implied Warranty - Kidde)

27. Plaintiff Travel Centers repeats and reiterates each and every allegation contained in paragraphs "1" through "26" of this complaint as if set forth herein in full.

28. Defendant Kidde impliedly warranted that the fire suppression system would be of merchantable quality, free of defects and of proper, adequate and sufficient material, design and workmanship so that it would be fit and sufficient for the purposes for which it was intended.

29. Defendant Kidde breached its implied warranty by failing to properly design, manufacture, distribute, sell and install the system in accordance with industry customs and standards in failing to properly position an adequate number of nozzles throughout the system.

30. Upon information and belief, had the system contained an adequate number of properly placed nozzles the fire would have been adequately contained, controlled and suppressed.

31. Furthermore, upon information and belief, defendant Kidde breached its implied warranty by failing to properly design, manufacture, distribute, sell and install the system in accordance with industry customs and standards in failing to properly set the temperature rating of the system's fusible link.

32. Upon information and belief, had the system's fusible link been set at an appropriate temperature rating the fire would have been properly controlled and extinguished.

5

33. Defendant Kidde breached its implied warranty of merchantability by designing, manufacturing, distributing, selling and installing a system which was defective.

34. Defendant Kidde's breach of its implied warranty in designing, manufacturing, distributing, selling and installing the system was the proximate cause of the damages sustained by the plaintiff which shall be determined at trial.

WHEREFORE, Plaintiff demands judgment jointly and severally against the defendants on the Second Count in an amount to be determined at trial, plus interest, costs, disbursements and reasonable attorneys' fees associated with the bringing of this action.

### THIRD COUNT
### (Product Liability - Kidde)

35. Plaintiff Travel Centers repeats and reiterates each and every allegation contained in paragraphs "1" through "34" of this complaint as if set forth herein in full.

36. Defendant Kidde, individually or by and through their agents, representatives and/or employees designed, manufactured, distributed and placed into the stream of commerce a defective product, the system, and/or its component parts, which was the proximate cause of the damages sustained by the plaintiff.

37. Upon information and belief, defendant Kidde, individually or by and through their agents, representatives and/or employees failed to properly position an adequate number of nozzles throughout the system and failed to properly set the temperature rating of the system's fusible link, all in contravention to industry custom and standards.

38. Upon information and belief, the aforementioned and other defect, in the system existed when the system left defendant Kidde's custody and control.

39. Upon information and belief, the system was not altered or modified by the Plaintiff or any of Plaintiff's agents, representatives or employees after it was installed by the Defendants.

40. The aforementioned defect in the system was the proximate cause for the system's failure and the damages sustained by the Plaintiff.

WHEREFORE, Plaintiff demands judgment jointly and severally against the defendants on the Third Count in an amount to be determined at trial, including pre-judgment and post-judgment interest, costs, disbursements and reasonable attorneys' fees associated with the bringing of this action.

## FOURTH COUNT
(Gross Negligence - Kidde)

41. Plaintiff Travel Centers repeats and reiterates each and every allegation contained in paragraphs "1" through "40" of this complaint as if set forth herein in full.

42. Defendant Kidde's actions in the design, manufacture, distribution, sale and/or installation of the system, in permitting the product to remain in the stream of commerce, in failing to remedy the defective condition, in failing to warn Plaintiff of said condition, and in breaching implied and express warranties, constituted gross negligence resulting in the damages sustained by the Plaintiff.

43. Upon information and belief, the Defendant Kiddie knew or should have known that the system had an inadequate number of improperly placed nozzles and the temperature rating of the system's fusible link was improperly set.

44. Defendant Kidde's gross negligence in the design, manufacture, distribution, sale and/or installation of the system, in permitting the product to remain in the stream of commerce, in failing to remedy the defective condition, in failing to warn Plaintiff of said

7

condition, and in breaching implied and express warranties and failing its past sale duties was the proximate cause of the damages sustained by the plaintiff which shall be determined at trial.

WHEREFORE, Plaintiff demands judgment jointly and severally against the Defendants on the Fourth Count in an amount to be determined at trial, including pre-judgment and post-judgment interest, costs, disbursements and reasonable attorneys' fees associated with the bringing of this action.

## FIFTH COUNT

### (Negligent Installation - Kidde)

45. Plaintiff Travel Centers repeats and reiterates each and every allegation contained in paragraphs "1" through "44" of this Complaint as if set forth herein in full.

46. Defendant Kidde had a duty to properly install and recertify the system according to accepted standards in the industry.

47. Defendant Kidde breached its duty by deviating from generally accepted standards in the industry when it installed and failed to recertify the system.

48. Upon information and belief, Defendant Kidde failed to install additional nozzles in areas that were reasonably foreseeable to be prone to fire hazard and, in the exercise of reasonable care, should have been installed.

49. Defendants failure in the proper installation of the system's nozzles was a gross deviation from custom and practice within the industry and allowed the fire to spread and cause significant property damage and business interruption to plaintiff.

50. Defendant's negligent installation of the system along with post sale failures was the proximate and/or contributing cause of the malfunction of the system and the damages sustained by the Plaintiff.

8

155965.1

WHEREFORE, Plaintiff demands judgment jointly and severally against the Defendants on the Fifth Count in an amount to be determined at trial, including pre-judgment and post-judgment interest, costs, disbursements and reasonable attorneys' fees associated with the bringing of this action.

## SIXTH COUNT
### (Negligence - Kistler)

51. Plaintiff Travel Centers repeats and reiterates each and every allegation contained in paragraphs "1" through "50" of this Complaint as if set forth herein in full.

52. Defendant Kistler, its agents, employees and/or representatives, had a duty to properly and adequately maintain, inspect, examine and repair the system and its component parts to ensure that they were in good and proper working order.

53. Defendants, their its agents, employees and/or representatives, breached their duty by not properly and adequately maintaining, inspecting, examining, repairing and servicing the system and its component parts to ensure that the system's nozzles and fusible link were placed in appropriate locations, maintained in good working order and were free from defects so that the system would properly discharge.

54. As a direct and proximate result of Defendant Kistler's negligence, the system malfunctioned, causing Plaintiff to incur damages in an amount to be determined at trial, including pre-judgment and post-judgment interest, costs, disbursements and reasonable attorneys' fees associated with the bringing of this action.

WHEREFORE, Plaintiff demands judgment jointly and severally against the defendants on the Sixth Count in an amount to be determined at trial, including pre-judgment and post-judgment interest, costs, disbursements and reasonable attorneys' fees associated with the bringing of this action.

155965.1

## SEVENTH COUNT
### (Breach of Contract - Kistler)

55.     Plaintiff Travel Centers repeats and reiterates each and every allegation contained in paragraphs "1" through "54" inclusive as if set forth herein in full.

56.     Defendant Kistler entered into a service agreement, for valuable consideration, with plaintiff to maintain, inspect, test and repair the system to ensure that the system would be in good and working order and that it was free from defects.

57.     Defendant Kistler breached the contract by failing to properly maintain, inspect, test and repair the system to ensure that among other things, the system's nozzles and fusible link were placed in the appropriate places, maintained in a good and working order and free from defects so that the system would properly discharge and significantly reduce and/or control fire spread.

58.     As a direct and proximate result of defendant Kistler's breach of contract, Plaintiff Travel Centers has been damaged in an amount to be determined at trial, including pre-judgment and post-judgment interest, costs, disbursements and reasonable attorneys' fees associated with the prosecution of this action.

WHEREFORE, Plaintiff demands judgment jointly and severally against the Defendants on the Seventh Count in an amount to be determined at trial, including pre-judgment and post-judgment interest, costs, disbursements and reasonable attorneys' fees associated with the bringing of this action.

## EIGHTH COUNT
### (Breach of Implied Warranty - Kistler)

59.     Plaintiff Travel Centers repeats and reiterates each and every allegation contained in paragraphs "1" through "58" inclusive as if set forth herein in full.

60. Defendant Kistler impliedly warranted that it would properly maintain, inspect, test, examine and repair the system to ensure that among other things, the system was in good and working order and that it was free from material defects to ensure that the system's nozzles and automatic fusible link were placed in appropriate locations, maintained in good working order and free from defect so that the system would properly discharge.

61. Defendant Kistler breached its implied warranty by failing to properly maintain, inspect, test, examine and repair the fire suppression system to ensure that among other things, the fire suppression system's nozzles and automatic fusible link were placed in the appropriate locations, maintained in a good and workmanlike manner and free from defects.

62. As a direct and proximate result of defendant Kistler's breach of its implied warranty, plaintiff Travel Centers has been damaged in an amount to be determined at trial, including pre-judgment and post-judgment interest costs, disbursements and reasonable attorneys' fees associated with the prosecution of this action.

WHEREFORE, Plaintiff demands judgment jointly and severally against the Defendants on the Eighth Count in an amount to be determined at trial, including pre-judgment and post-judgment interest, costs, disbursements and reasonable attorneys' fees associated with the bringing of this action.

## NINTH COUNT
### (Negligence- Ragan's)

63. Plaintiff Travel Centers repeats and reiterates each and every allegation contained in paragraphs "1" through "62" of this Complaint as if set forth herein in full.

64. Ragan's contracted with Plaintiff to clean and maintain the hood and ventilation system in Plaintiff's premises.

155965.1

65. The July 15, 2001 fire and resulting damages as alleged above were caused by the negligence, carelessness and/or negligent omissions of Ragan's, in its improper, careless and negligent cleaning, maintenance, and/ or service of the hood and ventilation system of Plaintiff's Premises, which directly and proximately caused the conditions leading to the fire of July 5, 2001.

66. As a direct and proximate result of Defendant Ragan's negligence, Plaintiff Travel Centers has been damaged in an amount to be determined at trial, including pre-judgment and post-judgment interest costs, disbursements and reasonable attorneys' fees associated with the prosecution of this action.

WHEREFORE, Plaintiff demands judgment jointly and severally against the Defendant on the Ninth Count in an amount to be determined at trial, including pre-judgment and post-judgment interest, costs, disbursements and reasonable attorneys' fees associated with the bringing of this action.

## TENTH COUNT
### (Breach of Contract- Ragan's)

67. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "66" with the same force and effect as though fully set forth herein.

68. Plaintiff and Defendant RAGAN'S executed a contract, agreement, or document of similar nature, for cleaning and maintenance of the hood and ventilation system in Plaintiff's Premises.

12

69. The contract, agreement, or document of similar nature, required, among other duties, that Defendant RAGAN'S guard Plaintiff against defects and deficiencies in the work.

70. The contract, agreement, or document of similar nature placed liability upon RAGAN'S in the event that any damages resulted due to its negligence or that of a sub-contractor.

71. Defendant RAGAN'S grossly negligent acts and/or omissions, on its own and through its contractor(s) and/or sub-contractor(s), which breached the contract, agreement, or document of similar nature, for cleaning and maintenance of the hood and ventilation system to be performed upon the Premises, directly and solely caused the property damage to the Premises.

WHEREFORE, Plaintiff demands judgment against defendant on the Tenth Count in an amount to be determined at trial, including pre-judgment and judgment interest, costs, disbursements, and reasonable attorney's fees associated with the bringing of this action.

### DEMAND FOR JURY

Plaintiff hereby demands a trial by jury as to all issues of the Complaint.

Dated: July 19, 2004

                        CLAUSEN MILLER P.C.

By: _____
James A. Abate, Esq.
CLAUSEN MILLER P.C.
One Gatehall Drive, Suite 203
Parsippany, New Jersey 07054
(973) 401-0470

TO: Ragan's Steam Specialties
      1240 West Gold Jem Drive
      Oro Valley, Arizona 85737

13

155965.1

Shay D. Deshpande, Esq.
FAUST GOETZ SCHENKER & BLEE, LLP
154 South Livingston Avenue, Suite 202
Livingston, New Jersey 07039
*Attorneys for Defendant,*
*Kistler O'Brien Fire Protection, Inc.*

Richard Sexton, Esq.
LAVIN, COLEMAN, O'NEIL, RICCI, FINARELLI & GRAY
307 Fellowship Road
Mount Laurel, NJ 08054
*Attorneys for Defendant,*
*Kidde-Fenwal, Inc.*